IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULES ANTHONY GHOLAR,

    Petitioner,                  No. 2:12-cv-1585-MCE-EFB P

    vs.

ROBERT HICKMAN,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                            /

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2254. Respondent moves to dismiss the petition, claiming that petitioner failed to exhaust his state remedies. ECF No. 15. In response, petitioner filed a motion to amend the petition. ECF No. 19. For the reasons explained below, the undersigned recommends respondent's motion to dismiss be granted and petitioner's motion to amend be granted.

**I.    Procedural History**

      Petitioner was convicted of second-degree murder with an enhancement for use of a firearm. Doc. Lodged ISO Def.'s Mot. Dismiss ("Lodg. Doc."), 1 at 1. Petitioner appealed and the California Court of Appeal, Third Appellate District, affirmed the judgment. *Id*. at 2.

/////

Petitioner sought review in the California Supreme Court, which was denied on November 17, 2011. Lodg. Docs. 5-6. Petitioner did not file any state habeas petitions.

## II.     Exhaustion of State Remedies

Respondent argues that the petition contains only unexhausted claims and therefore the petition must be dismissed. ECF No. 15 at 2. A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended by*, 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief"); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts

necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Calderon v. U.S. Dist. Ct. (Taylor)*, 134 F.3d 981, 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000).

Respondent claims that the petition asserts three claims for relief: (1) ineffective assistance of counsel for failing to argue a stricter standard of appellate review; (2) the trial court erred in admitting the testimony of Marvin Singleton; and (3) the prosecution committed misconduct by seeking admission of "false" testimony. ECF No. 15 at 2-3. Respondent argues that the only claim petitioner has presented to the California Supreme Court was whether admission of a dying declaration violates the Confrontation Clause of the United States Constitution. *Id*. at 2. Accordingly, respondent contend that the petition contains no exhausted claims and must therefore be dismissed. *Id*. at 3.

Respondent's argument is premised on an unduly narrow reading of the petition. In assessing the claims in the petition, respondent focuses on the headings provided by petitioner. *See*, *e.g.*, ECF No. 15 at 3 ("Petitioner also hints at ineffective assistance of trial counsel throughout his Petition, but does not raise a separate argument heading or provide specific argument."). Under Ninth Circuit precedent, however, this court must liberally construe the allegations of a prisoner proceeding without counsel. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), Liberally construing the petition here, the court finds that petitioner asserts more than three claims for relief. Importantly, the petition contains the same claim petitioner presented to the California Supreme Court.

3

In his petition for review, filed with the California Supreme Court, petitioner asserted the following claim for relief:

> Whether, notwithstanding [the California Supreme] Court's decision in *People v. Monterroso* (2004) 34 Cal.4th 74, admission of the victim's dying declarations violate a defendant's Sixth Amendment right to confrontation because the dying declaration exception to hearsay was abrogated in *Crawford v. Washington* (2004) 541 U.S. 36 and is not an historical common-law exception to the hearsay rule and whether there was evidence sufficient to justify the statements' admission under state law.

Lodg. Doc. 5 at 2.

The instant petition alleges that the prosecution impermissibly relied on videotape evidence that contained statements made by the victim. ECF No. 1 at 5-6. It further alleges that "[s]ince petitioner has not had the oppertunity [*sic*] to cross-examine the deceased, this evidence in its form has been inadmissible since the 16th century." In making his argument, petitioner cites to *Crawford v. Washington*, 541 U.S. 36 (2004).[1]

Petitioner, relying on *Michigan v. Bryant*, 131 S.Ct. 1143 (2011)[2], also argues that the victim's statements to his girlfriend and police officers should not have been admissible because the prosecution failed to show "any immediate eminent danger to the deceased other than what's already been inflicted, nor is the deceased [*sic*] girlfriend and/or police in any clear and present danger." ECF No. 1 at 8. Although respondent is correct that petitioner argues that appellate counsel was ineffective in presenting his Confrontation Clause claim on appeal, ECF No. 1 at 8-11, petitioner also claims that the introduction of the victim's statements at his trial violated the Sixth Amendment, *id*. at 5-7. Since petitioner presented his Confrontation Clause claim to the

/////

---

[1] In *Crawford*, the United States Supreme Court held that the Sixth Amendment requires unavailability and a prior opportunity for cross-examination for testimonial evidence to be admissible. 541 U.S. at 68.

[2] In *Bryant*, the Supreme Court reiterated that when "the primary purpose of an interrogation is to respond to an 'ongoing emergency,' its purpose is not to create a record for trial and thus is not within the scope of the [Confrontation] Clause." 131 S.Ct. at 1155.

California Supreme Court, the court here finds that the instant petition contains an exhausted claim.

The Confrontation Clause claim was the only claim that petitioner presented to the California Supreme Court. *See* Lodg. Doc. 5. Accordingly, all of petitioner's other claims are unexhausted. As previously discussed, when a petitioner files a mixed petition, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims. In response to respondent's motion to dismiss, rather than filing an opposition, petition filed a motion to amend his petition together with a proposed first amended petition. ECF No. 19. In his motion, petitioner explains that he wishes to dismiss his unexhausted claims and proceed on the merits of his Confrontation Clause claim. ECF No. 19 at 1-2. The proposed amended petition contains only petitioner's exhausted Confrontation Clause claim.

Based on the foregoing, respondent's motion to dismiss must be granted and the instant petition dismissed because it contains both exhausted and unexhausted claims. As the proposed amended petition contains only a single, exhausted claim, petitioner's motion to amend should be granted and this action should proceed on the first amended petition. ECF No. 19.

### III. Conclusion

Accordingly, it is RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 15, be granted.

2. The petition be dismissed.

3. Petitioner's motion to amend, ECF No. 19, be granted.

4. This action proceed on the First Amended Petition filed on February 21, 2013.

5. Respondent be directed to file an answer to the amended petition within 30 days of an order adopted these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6